THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUND REAL ESTATE GROUP LLC,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>ROAM BEYOND INC.,<br><br>　　　　　　Defendant. | CASE NO. C22-1535-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for default judgment (Dkt. No. 13). Defendant was served, (Dkt. No. 6), but has not appeared, and the Clerk has entered default. (*See* Dkt. No. 12.)

"At the default judgment stage, the court presumes all well-pleaded factual allegations related to liability are true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014); s*ee TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, factual allegations relating to damages are not taken as true. *Curtis*, 33 F. Supp. 3d at 1211. A "plaintiff is required to prove all damages sought in the complaint, and the court must ensure that the amount of damages is reasonable and demonstrated by the evidence." *Id.*

Plaintiff presents evidence supporting damages of $3,226,128.85.[1] (*See* Dkt. No. 13).

---

[1] This includes the outstanding principal, plus interest through the date of judgment, calculated at a per diem rate of $498.16, minus Defendant's partial payment of $25,000. (Dkt. No. 13 at 3–4.)

1    Moreover, attorney fees may be recoverable when authorized by a contract between the parties.
2    *Panoramo Vill. Condo. Owners Ass'n Bd. Of Dirs. V. Allstate Ins. Co.*, 26 P.3d 910, 917 (Wash.
3    2001).[2] Here, the parties' Amended and Restated Secured Promissory Note states that after any
4    event of default, the substantially prevailing party shall recover all reasonable costs and attorney
5    fees. (Dkt. No. 14-1 at 4.) Plaintiff has provided sufficient documentation to support its request
6    for attorney fees and costs in the amount of $56,187.44. (*See* Dkt. No. 15.)

7    Plaintiff also asks the Court to order Defendant to deliver to Plaintiff certificates of title
8    for collateral as provided for in the security agreement. (Dkt. No. 13 at 6–7.) Specific
9    performance is proper where "a valid contract exists, a party has or is threatening to breach the
10   contract, the terms of the contract are clear, and the contract is not the product of fraud or
11   unfairness." *Pardee v. Jolly*, 182 P.3d 967, 973 (Wash. 2008). Under the terms of the parties'
12   Amended and Restated Security Agreement, Defendant agreed to deliver any necessary
13   documents, including certificates of title, necessary for the purpose of perfecting the security
14   interest Plaintiff has in the collateral securing Defendant's debt. (Dkt. No. 14-2 at 3.) Defendant
15   has failed to deliver original certificates of title as required by the security agreement. Because
16   damages would not be an adequate remedy to compensate Plaintiff for the breach of contract,
17   specific performance is appropriate. *See Crafts v. Pitts*, 162 P.3d 382, 385–86 (Wash. 2007)
18   (specific performance is appropriate where damages cannot adequately compensate a party's
19   loss).

20   Accordingly, it is hereby ORDERED that:
21   1. Plaintiffs' motion for default judgment (Dkt. No. 16) is GRANTED.
22   2. Plaintiffs are awarded $3,226,128.85 in damages and prejudgment interest.

---

Pre-judgment interest is calculated under the terms of the parties' Amended and Restated Secured Promissory Note. (Dkt. No. 14-1 at 3.)

[2] When a federal court sits in diversity, state law denying the right to attorney fees or giving a right to them should be followed. *Alyeska Pipeline Service Co. v. Wilderness Soc.*, 421 U.S. 240, 259 n.31 (1975).

ORDER
C21-1601-JCC
PAGE - 2

3. Plaintiffs are awarded $56,187.44 in attorney fees and costs incurred in preparing this motion and the motion for default.

4. Post-judgment interest will accrue at 4.89% per annum from the date of judgment.

5. Defendant is ORDERED to deliver Plaintiff original certificates of title reflecting Plaintiff's lien on and security interests in the collateral listed in Exhibit A of the parties' security agreement (Dkt. No. 14-2 at 7–9).

DATED this 17th day of February 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE